1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                        SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11   VINCENT GRANO, an individual, | Case No.: 3:18-cv-01818-GPC-BLM |

11   VINCENT GRANO, an individual,

12                                    Plaintiff,

13   v.

14   SODEXO MANAGEMENT, INC., a
     New York Corporation; and CARGILL
15   MEAT SOLUTIONS CORP., a Delaware
     Corporation,
16

17                                    Defendants.

Case No.: 3:18-cv-01818-GPC-BLM
Case No.: 3:19-cv-01903-GPC-BLM
Case No.: 3:19-cv-01904-GPC-BLM
Case No.: 3:19-cv-01905-GPC-BLM
Case No.: 3:19-cv-01907-GPC-BLM
Case No.: 3:19-cv-01908-GPC-BLM
Case No.: 3:19-cv-01909-GPC-BLM
Case No.: 3:19-cv-01917-GPC-BLM

**ORDER GRANTING MOTION TO
FILE A THIRD-PARTY
COMPLAINT AGAINST US FOODS
BY SODEXO MANAGEMENT [ECF
No. 71];**

**ORDER DENYING MOTION TO
FILE A THIRD-PARTY
COMPLAINT AGAINST OLD
REPUBLIC INSURANCE
COMPANY BY SODEXO
MANAGEMENT [ECF No. 72];**

**ORDER GRANTING MOTION TO**

1
27
28

1

2

3

4

5

6

7

8

9

10

11

**FILE A FIRST SUPPLEMENTAL CROSS-CLAIM AGAINST CARGILL MEAT SOLUTIONS CORP BY SODEXO [ECF No. 73]**

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEVER ALL CROSS-CLAIMS [ECF No. 96]**

AND RELATED CASES.

12   Presently before the Court are multiple motions filed by both Sodexo Management,

13 Inc. ("Sodexo") and Plaintiffs in *Grano v. Sodexo Mgmt. Inc., et al.*, 3:18-CV-01818-

14 GPC-BLM ("*Grano* matter"), the lead case, and in the seven related member cases.[1]

15   Sodexo filed a motion for leave to file a third-party complaint against US Foods,

16 Inc. ("US Foods").  ECF No. 71.  Plaintiffs filed an opposition (ECF No. 81) and Sodexo

17

18

19

20

21

22

23 [1] Unless otherwise noted, all ECF cites refer to the *Grano* matter.  The member cases are *Anderson v.*
*Sodexo Mgmt. Inc., et al.*, 3:19-cv-01903-GPC-BLM ("*Anderson* matter"); *Lader v. Sodexo Mgmt. Inc.,*
24 *et al.*, 3:19-cv-01908-GPC-BLM ("*Lader* matter"); *Baker v. Sodexo Mgmt. Inc., et al.*, 3:19-cv-01904-
GPC-BLM ("*Baker* matter"); *Browning v. Sodexo Mgmt. Inc., et al.*, 3:19-cv-01905-GPC-BLM
25 ("*Browning* matter"); *Abbott v. Sodexo Mgmt. Inc., et al.*, 3:19-cv-01917-GPC-BLM ("*Abbott* matter");
*Evers v. Sodexo Mgmt. Inc., et al.*, 3:19-cv-01907-GPC-BLM ("*Evers* matter"); *Miller v. Sodexo Mgmt.*
26 *Inc., et al.*, 3:19-cv-01909-GPC-BLM ("*Miller* matter").

27

28

filed a reply to Plaintiffs (ECF No. 90).  Cargill Meat Solutions Corp. ("Cargill") filed an opposition (ECF No. 85) and Sodexo filed a reply to Cargill (ECF No. 91).[2]

Sodexo additionally filed a motion to file a third-party complaint against Old Republic Insurance Company ("Old Republic").  ECF No. 72.  Plaintiffs filed an opposition.  ECF No. 82.  Sodexo filed a reply.  ECF No. 92.

The Court also considers Sodexo's motion for leave to file a first supplemental cross-claim against Cargill.  ECF No. 73.  Plaintiffs filed an opposition to this motion (ECF No. 107) and Sodexo filed a reply (ECF No. 109).

Finally, Plaintiffs have filed a motion to sever all defense cross claims.  ECF No. 96.  Cargill filed an opposition (ECF No. 113) and Sodexo filed an opposition (ECF No. 114).  Plaintiffs filed a reply to both oppositions.  ECF No. 121.

For the reasons outlined below, the Court GRANTS Sodexo's motion to file a third-party complaint against US Foods (ECF No. 71); DENIES Sodexo's motion to file a third-party complaint against Old Republic (ECF No. 72); GRANTS Plaintiffs' motion in the member cases for leave to amend their complaints to name US Foods as a defendant; DENIES Sodexo's motion to file a first supplemental cross-claim against Cargill (ECF No. 73); and GRANTS in part and DENIES in part Plaintiffs' motion to sever all cross-claims (ECF No. 96).[3]

## I.   Background

---

[2] Plaintiffs in the member cases have filed motions for leave to amend their complaints to add US Foods as a Defendant.  Plaintiff Grano has not filed this motion in the lead case.

[3] This Order applies to the motions seeking identical relief that are filed in the seven related member cases:  (1) Sodexo's motions for leave to file a third party complaint against US Foods; and (2) Sodexo's motions for leave to file a third party complaint against Old Republic.  The corresponding ECF numbers for these filings are identified in the sections addressing each motion.

Plaintiffs all sustained injuries from the same 2017 E. coli outbreak at Marine Corps Recruit Depot ("MCRD") and Edson Range at Camp Pendleton, California. Plaintiffs bring strict liability and negligence claims against Sodexo and Cargill for injuries caused by this outbreak.  Sodexo is a New York corporation that is responsible for providing food and facility management services for the United States Navy at both MCRD and Edson Range.  ECF No. 37 ("SAC") ¶ 2.  Cargill manufactures, distributes, and sells meat products to Sodexo.

Plaintiff Grano initiated the action in the lead case on August 3, 2018.  ECF No. 1. On October 7, 2019, Plaintiffs in all seven member cases initiated their actions.  On October 22, 2019, Plaintiff Grano filed a Second Amended Complaint ("SAC"), adding Cargill as a defendant on the basis that Cargill had sold to Sodexo the allegedly contaminated ground beef patties that give rise to Plaintiffs' claims.  ECF No. 37 ¶ 34. On December 5, 2019, Cargill file an answer to the SAC, and a crossclaim against Sodexo for breach of an indemnification agreement between Cargill and Sodexo.  ECF No. 53.  On December 26, 2019, Sodexo answered Cargill's cross-claim and filed its own crossclaim against Cargill for breach of a separate indemnification agreement.  ECF No. 62.

On March 18, 2020, the Court issued an Amended Consolidation Order, consolidating all eight cases for the purpose of all motion practice.  ECF No. 88.

## II.   Discussion

### a.  Sodexo's Motions for Leave to File Third-Party Complaints

#### 1.  Legal Standard

Federal Rule of Civil Procedure 14 provides,

A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Fed. R. Civ. P. 14.  The purpose of Rule 14 is to "promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim."  *Southwest Adm'r, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986) (citation omitted).  The district court has discretion in determining whether a defendant should be granted leave to file a third-party complaint.  *Id.*  "[A] third-party claim may be asserted only when the third-party's liability is in some way dependent on the outcome of the main claim and the third-party's liability is secondary or derivative."  *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983).  "A court, called upon to exercise its discretion as to impleader, must balance the desire to avoid circuity of actions and to obtain consistent results against any prejudice that the plaintiff might suffer from complications of the case."  *Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000) (internal citations and quotations omitted).

Factors that courts consider to determine whether to allow a third-party complaint are "(1) prejudice to the original plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay; and (4) timeliness of the motion to implead."  *Irwin*, 94 F. Supp. at 1052; *see also Zero Tolerance Entm't, Inc. v. Ferguson*, 254 F.R.D. 123, 127 (C.D. Cal. 2008).

"It need not be shown that the third-party defendant is automatically liable if the defendant loses the underlying lawsuit.  It is sufficient if there is some possible scenario under which the third-party defendant may be liable for some or all of the defendant's liability to plaintiff."  *F.D.I.C. v. Loube*, 134 F.R.D. 270, 272 (N.D. Cal. 1991).  "The crucial characteristic of a Rule 14 claim is that [a] defendant is attempting to transfer to the third-party defendant the liability asserted against [it] by the original plaintiff."  *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir. 1988) (quoting 6 Charles

5

A. Wright et al., Federal Practice & Procedure § 1446 at 157 (1971)) (the third-party plaintiff's claim must be dependent upon the outcome of the main claim).  "The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough."  *Id.*; *One 1977 Mercedes Benz*, 708 F.2d at 452 ("It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim.")  Facts that are "inextricably intertwined" does not satisfy the standard under Rule 14; "impleader is narrower, requiring an attempt to pass on to the third party all or part of the liability asserted against the defendant."  *Uldricks v. Kapaa*, Civil No 07-117 JMS/KSC, 382 LLC, 2007 WL 2694409, at *4 (D. Haw. Sept. 11, 2007).  A third-party claim "presupposes liability on the part of the original defendant which he is attempting to pass on to the third-party defendant."  *Homem v. Intek Corp*., No. C-05-0792, 2006 WL 3388623, at *1 (N.D. Cal. Nov. 22, 2006) (quoting *Parr v. Great Lakes Express Co*., 484 F.2d 767, 769 (7th Cir. 1973) (affirming dismissal of third-party complaint, where original defendant sought to join third-party on theory third-party was sole cause of plaintiff's claimed injuries)).

### 2.  Old Republic

Sodexo seeks leave to file a third-party complaint against Old Republic on the basis that Old Republic has an immediate duty to defend Sodexo and is secondarily liable for Plaintiffs' claims against Sodexo.  ECF No. 71.[4]

Old Republic provides insurance coverage to Cargill. Sodexo and Cargill are parties to two separate agreements, a "Master Supply Agreement By and Between

---

[4] *Anderson*, ECF No. 20; *Lader*, ECF No. 20; *Baker*, ECF No. 21; *Browning*, ECF No. 20; *Abbott*, ECF No. 20; *Evers*, ECF No. 20; *Miller*, ECF No. 20.

Sodexo Operations, LLC and Cargill, Incorporated and Cargill Limited" ("Master Supply Agreement") and a "Subcontract Agreement by and between Sodexo Management, Inc. and Cargill Meat Solutions Corporation for Provision of Food Supplies and Services" ("Subcontract Agreement") under which Cargill supplied Sodexo food for preparation and service to Sodexo's clients.  ECF No. 72-1 at 2.  Pursuant to both the Master Supply Agreement and the Subcontract, Cargill was required to name Sodexo as an "additional insured" under Cargill's commercial general liability insurance policies, thereby providing coverage for personal injuries to third parties arising from products supplied by Cargill to Sodexo.  On this basis, Sodexo asserts it is entitled to coverage as an "additional insured" under one or more of the insurance policies issued by Old Republic to Cargill.  ECF No. 72-1 at 2-3.

On December 12, 2019, Sodexo tendered their defense and indemnity to Old Republic and its third-party administrator for the *Grano* action and member cases.  ECF No. 72-2 at 3.  Neither Old Republic nor its third-party administrator responded to Sodexo's December 12 tender letter, and on January 29, 2020, Cargill sent Sodexo a letter purporting to deny Sodexo's tender of defense and indemnity on Old Republic's behalf, as well as separately denying Sodexo's direct tender to Cargill pursuant to the parties' Master Supply Agreement and Subcontract Agreement.  ECF No. 72-2 at 3.  Sodexo alleges that Old Republic violated several provisions of California's Fair Claims Settlement regulations and Insurance Code section 790.03, and has evidenced bad faith toward Sodexo.  Accordingly, Sodexo seeks declaratory relief (duty to defend), recovery for breach of contract and breach of the duty of good faith and fair dealing implied in every contract of insurance.

As discussed above, in weighing whether to permit Sodexo to implead Old Republic, the Court must consider the following factors: "(1) prejudice to the original plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay; and (4) timeliness

of the motion to implead." *Irwin*, 94 F. Supp. at 1052.  While courts have recognized the propriety of impleading third-party insurers in some cases, courts have denied impleader as a matter of discretion, noting that "in the cases before them little would be gained by way of economy from the joinder of the insurer, and that impleader might well be prejudicial to the original action by causing additional delay and confusion if the unrelated matters were litigated together."  Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1449 (3d ed.).

Sodexo argues that all factors weigh in favor of granting its motion since Plaintiffs and Cargill will not suffer from any undue prejudice, there will be no delays, and their motion is timely.  In support, Sodexo notes that no expert witnesses have yet been designated, the written discovery between parties is still ongoing, and that only a limited number of depositions have gone forward.  ECF No. 72-1 at 5.  Plaintiffs counter that the insurance coverage dispute between Cargill and Sodexo is unrelated to Plaintiffs' claims and would prejudice Plaintiffs by delaying and confusing the issue in this litigation.

As discussed above, "[t]he crucial characteristic of a Rule 14 claim is that [a] defendant is attempting to transfer to the third-party defendant the liability asserted against [it] by the original plaintiff."  *Stewart*, 845 F.2d at 200.  "The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough," *id.* since "impleader is narrower, requiring an attempt to pass on to the third party all or part of the liability asserted against the defendant."  *Uldricks*, 2007 WL 2694409, at *4.  Accordingly, in *Irwin*, the court found that adding a claim of legal malpractice to an action regarding a debt collector's actions would "would prejudice Plaintiff and certainly not save the court any time, since the malpractice controversy would not help resolve Plaintiff's claims."  *Irwin*, 94 F. Supp. 2d at 1060.  "Adding third-party defendants would complicate a relatively simple case by adding issues irrelevant to liability . . . and would prejudice Plaintiffs."  *Id.*

Here, Sodexo is not attempting to pass on the liability to Old Republic, but is instead claiming that Old Republic has a duty to defend and indemnify Sodexo in this case.  Plaintiff notes that Grano and Sodexo disagree as to which agreement controls and dictates Old Republic's insurance coverage obligations.  Enfolding this issue and other questions related to Old Republic's obligations under the scope of the applicable insurance policies would further complicate an already complex group of actions that center on Plaintiffs' personal injuries.  Bringing in Old Republic as a third-party defendant would not promote judicial efficiency in this case since it would neither help resolve Plaintiff's claims, nor would it materially alter the adjudication of liability for either Grano or Sodexo.  Even while handling actions concerning insurance coverage, courts have denied motions to implead other third-party insurers would make litigation more complex and expensive.  *See e.g., Jorgensen Forge Corp. v. Associated Indem. Corp.*, No. C14-1524-JCC, 2015 WL 12030118, at *2 (W.D. Wash. Apr. 21, 2015) (defendant insurer's motion to implead denied even where "addition of third-party insurers will only draw out the proceedings, hampering judicial efficiency.").

Accordingly, Sodexo's motion for leave to file a third-party complaint against US Republic is DENIED.

### 3.  US Foods

Sodexo seeks leave to file a third-party complaint against US Foods.[5]  US Foods is an Illinois corporation that receives meat products from Cargill and distributes them to Sodexo.  ECF No. 71-3 at 2.  Sodexo alleges that, based on recently-obtained

---

[5] *Anderson*, ECF No. 21; *Lader*, ECF No. 21; *Baker*, ECF No. 22; *Browning*, ECF No. 21; *Abbott*, ECF No. 21; *Evers*, ECF No. 21; *Miller*, ECF No. 21.

documentation produced through third-party subpoenas to US Foods, US Foods is secondarily liable for Plaintiffs' injuries since US Foods received the contaminated ground beef patties from Cargill and distributed them to Sodexo, which Sodexo then in turn served to Plaintiffs.  Sodexo therefore seeks to assert equitable indemnity, contribution, and apportionment claims against US Foods.

Plaintiff and Cargill argue that Sodexo's motion should be denied.  While Plaintiff acknowledges that a technical basis for US Foods' liability to them exists, Plaintiff asserts that Sodexo's dispute with the "rest of the supply chain" should be decided in a separate action, given the already high level of complexity of discovery and trial preparation on Plaintiffs' eight separate injury claims.  ECF No. 81 at 2.  Plaintiff also argues that equitable indemnity is intended to do equity among tortfeasor defendants by apportioning losses according to relative culpability but that there is simply no basis for an allocation of fault to US Foods.  *Id.*

Cargill also argues that Sodexo's motion should be denied since its proposed pleading does not sufficiently plead negligence or strict liability, and additionally, that such impleader will delay the trial and is also untimely.

### i.   *Irwin* factors

As discussed, courts weigh the following factors when determining whether to allow a third-party complaint: "(1) prejudice to the original plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay; and (4) timeliness of the motion to implead."  *Irwin*, 94 F. Supp. at 1052.

Here, Sodexo argues that filing this third-party complaint against US Foods would not prejudice the Plaintiff; that no unreasonable delay will result; and that its motion is timely.  Further, Sodexo contends that this third-party complaint would promote judicial efficiency by allowing Sodexo to implead a third party who is secondarily liable to Sodexo for Grano's claims rather than bringing a separate action.

1    Plaintiff counters that the *Irwin* factors weigh against Sodexo since the third-party
2    complaint would be prejudicial to Plaintiff, complicate issues at trial, result in jury
3    confusion, and cause further delays in discovery.  On jury confusion, Plaintiff argues that
4    "given the already voluminous nature of liability and damages evidence, to add to the
5    jury's burdens by requiring them to determine cross claims and attribution of liability
6    between defendants and third parties would be a "recipe for the denial to Plaintiffs of an
7    attentive panel of jurors."  ECF No. 81 at 5.  On discovery delay, Plaintiff notes that
8    deposition requests made to Sodexo have already been delayed by Sodexo pending
9    resolution of its motion to add US Foods.  ECF No. 81 at 4.  In its opposition, Plaintiff
10   notes that "[t]his dispute is, at its core, about injuries to them, not whether Cargill failed
11   to procure insurance on Sodexo's behalf, and which of two conflicting indemnity
12   agreements between huge corporations was operative."  ECF No. 81 at 4.  The Court
13   agrees.  However, the claims against US Foods are not limited by the conflict between
14   indemnity agreements, but instead will potentially illuminate the nature of the causal
15   chain that ultimately led to Plaintiff's injuries.  Discovery related to Sodexo's role in
16   providing the contaminated beef will likely be tied to the role that US Foods played as a
17   distributor; further, any jury discussion of Sodexo's liability will more likely be
18   informed, rather than confused, by discussion of US Foods' role in distribution and
19   preparation of the contaminated beef.
20   Accordingly, any role that US Foods might have played in the chain of
21   contamination and distribution of the ground beef patties that give rise to this action is
22   properly considered within the scope of this litigation.

23   ## ii.    Pleading Standard

24   Plaintiff and Cargill contend that Sodexo's motion to implead US Foods should be
25   dismissed since its claims against US Foods fail to meet the requisite pleading standard.
26   Cargill argues that by Sodexo's allegations that US Foods is a "link in the chain" of

getting various meat products from Cargill to Sodexo is insufficient to establish strict products liability or negligence." ECF No. 85 at 11.  Plaintiff similarly argues that Sodexo's allegations are purely conclusory, and therefore fail to state a claim of relief against US Foods.  ECF No. 81 at 6.

Whether the third-party complaint alleges a cause of action for which relief may be granted is "an important factor in the Court's decision" because "[i]t makes no sense to permit such a potentially prejudicial expansion of the case at the expense of Plaintiffs, if the third-party plaintiffs do not have a valid theory of relief against the third-party defendants."  *Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1057–58 (N.D. Cal. 2000).  However, "Rule 14 does not require that the third-party defendant be liable to the original plaintiff in order for the original defendant to proceed with his claim against a third-party defendant and recover judgment thereon."  *Id.* at 1056–57.

Sodexo seeks to plead claims for equitable indemnity, contribution, and apportionment against US Foods predicated on strict products liability and negligence.  ECF No. 91 at 3.  California's doctrine of equitable indemnification is one of common law and provides for apportionment between alleged wrongdoers based on their relative culpability.  *W. Steamship Lines, Inc. v. San Pedro Peninsula Hosp.*, 8 Cal. 4th 100, 109 (1994), *as modified on denial of reh'g* (Sept. 22, 1994).  The elements of a cause of action for indemnity are (1) a showing of fault on the part of the indemnitor and (2) resulting damages to the indemnitee for which the indemnitor either contractually or equitably should be responsible.  *Gouvis Eng'g v. Superior Court*, 37 Cal. App. 4th 642, 644 (1995).  In order to plead negligence, Sodexo must show that a legal duty was owed, breach of such duty, and that the breach was a proximate or legal cause of injuries suffered by Sodexo.  *Mintz v. Blue Cross of California*, 172 Cal. App. 4th 1594, 1609 (2009).  Finally, in order to plead strict liability, Sodexo must show that US Foods was a

participant in the "chain of distribution of a defective product." *Bostick v. Flex Equip. Co.*, 147 Cal. App. 4th 80, 88 (2007).

Rule 8(a) provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. This standard does not require "detailed factual allegations" but only that the facts pled state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," it does not require "detailed factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, Sodexo alleges that it received all Cargill products through US Foods. ECF No. 71-3 at 3. Sodexo further contends that, based on documents produced by US Foods in response to a third-party subpoena, "US Foods is the entity that received the shipment from Cargill that included the hamburger patty that Grano contends was infected with STEC, which US Foods then distributed and delivered to MCRD to be served by Sodexo to Marine recruits including Grano." ECF No. 71-2 at 2. Sodexo's allegations are not mere "formulaic recitation[s] of the elements of a cause of action" or "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. Taking these allegations as true, Sodexo has produced a viable theory of relief against US Foods and should therefore be permitted to bring this claim.

Finally, Cargill argues that the motion is not timely. The Court reject's Cargill's argument given that the motion was filed on the last day that the Court allowed for amendment to add parties. Accordingly, the motion for leave to file a third-party complaint against US Foods is **GRANTED**.

/ / /

/ / /

/ / /

1    / / /

2        **b.  Plaintiffs' Motion for Leave to Amend Complaint to Include US Foods as a**
3            **Defendant in Member Cases**

4        Plaintiffs in the member cases have filed motions for leave to amend their

5    complaints to include US Foods as a defendant.[6]  Plaintiffs state that their filings are a

6    reaction to Defendants' motion to file a third-party complaint against US Foods and note

7    that if the Court were to grant their motion, but thereafter deny Sodexo's Motion for

8    Leave with respect to US Foods, Plaintiff "intends to immediately dismiss US Foods

9    from the case."  *See e.g*., ECF No. 25, *Anderson* matter.  Plaintiffs have also noted in

10   their opposition to Sodexo's motion that they "concede that their proposed amended

11   complaints adding claims against US Foods, which they filed with their individual

12   motions for leave to amend, do not adequately state a claim for negligence against US

13   Foods under *Iqbal/Twombly*."  ECF No. 81 at 7.  If Plaintiffs consider their claims futile,

14   the Court would encourage Plaintiffs to refrain from filing them; however, the Court will

15   nevertheless grant Plaintiffs leave to amend the complaints in the member cases.  *See*

16   *e.g., Torres v. Sachs,* 381 F.Supp. 309, 311 (S.D.N.Y. 1974) (consolidated cases, even

17   where defendants are different where there are common questions of law and fact across

18   consolidated cases); *see also Dist. 65, UAW v. Harper & Row, Publishers, Inc.*, 576 F.

19   Supp. 1468, 1475 (S.D.N.Y. 1983) (consolidating actions with different defendants).

20   Plaintiffs' motions for leave to amend to add US Foods as a defendant are **GRANTED**.

21   / / /

22

23   _____

24

25

26   [6] *Anderson*, ECF No. 25; *Lader*, ECF No. 25; *Baker*, ECF No. 26; *Browning*, ECF No. 25; *Abbott*, ECF
     No. 26; *Evers*, ECF No. 25; *Miller*, ECF No. 25.

27                                                              14

28

/ / /

### c. Defendants' Cross-Claims

Plaintiffs request that all of Sodexo and Cargill's cross-claims be severed from all related cases.  ECF No. 96.  Cargill and Sodexo have alleged the following cross-claims against each other in all of the related cases:  Cargill filed a cross-claim against Sodexo for breach of an indemnification agreement (ECF No. 53); Sodexo also cross claimed against Cargill for breach of an indemnification agreement (ECF No. 62).  In the lead case, Sodexo seeks to add a supplemental cross-claim against Cargill for breach of contract based on Cargill's failure to procure insurance (ECF No. 73); Sodexo has already alleged this cross-claim against Cargill in the member cases.

### 1. Plaintiff's Motion to Sever Cross-Claims for Failure to Indemnify

The Court first considers Plaintiff's motion to sever the cross-claims between Defendants regarding failure to indemnify.  Rule 13(g) provides that a coparty may assert a cross-claim against another coparty "if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim."  Fed. R. Civ. P. 13.  Rule 21 permits a court to "sever any claim against a party."  Fed. R. Civ. P. 21.  "Applying this standard, the court has virtually unfettered discretion in determining whether or not severance is appropriate." *Grigsby v. Kane*, 250 F. Supp. 2d 453, 456 (M.D. Pa. 2003) (citing *Rodin Properties–Shore Mall, N.V. v. Cushman & Wakefield of Pennsylvania, Inc.,* 49 F.Supp.2d 709, 721 (D.N.J. 1999)); *see also Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1297 (9th Cir. 2000) (noting that a district court is vested with "broad discretion . . . to make a decision granting severance").  However, a court may not "attempt to separate an essentially unitary problem." *Spencer, White & Prentis, Inc. v. Pfizer, Inc.,* 498 F.2d 358, 362 (2d Cir. 1974).

Under Rule 21, the Court considers the following factors when deciding to sever a claim: (1) whether the claims arise out of the same transaction or occurrence; (2) whether

15

the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims. *S.E.C. v. Leslie*, No. C 07-3444, 2010 WL 2991038, at *4 (N.D. Cal. July 29, 2010). Rule 21 "presupposes basic conditions of separability in law and logic." *Id.* Under Rule 42(b), the Court may order a separate trial of one or more separate claims, crossclaims, counterclaims or third-party claims "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42. The decision whether to bifurcate for trial under Rule 42(b) is within the broad discretion of the district court. *Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998 (9th Cir. 2004). "A court considers the same factors relevant to severance under Rule 21 in deciding whether to bifurcate under Rule 42(b)." *Anticancer, Inc. v. Pfizer Inc.*, No. 11CV107 JLS RBB, 2012 WL 1019796, at *2 (S.D. Cal. Mar. 26, 2012).

While application of Rule 21 involves considering "basic conditions of separability in law and logic," Rule 42 "involves primarily the consideration of convenience and fairness." *Spencer, White & Prentis Inc. of Connecticut v. Pfizer Inc.*, 498 F.2d 358, 362 (2d Cir. 1974). At least in the context of permissive joinder, under rule 20, courts in the Ninth Circuit have considered whether there is a "logical relationship" between the claims. *U.S. ex rel. Anthony v. Burke Eng'g Co.,* 356 F.Supp.2d 1119, 1120-1 (C.D. Cal. 2001). "The logical relationship test considers whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Id.* at 1122 (internal citations omitted).

Plaintiffs argue that the factual issues relating to the formation and applicability of the contracts between Cargill and Sodexo "and which of them was operative at the time of the subject outbreak, are wholly distinct from those at issue in Plaintiffs' injury

16

actions." ECF No. 96-1 at 4.  Plaintiffs argue that the discovery, witnesses, and documents are, and will remain throughout the life of this litigation, wholly distinct, and adding in Sodexo and Cargill's cross-claims will delay and muddy discovery and confuse trial proceedings.  *Id.* at 9.

Cargill counters that there is a logical relationship between Plaintiffs' claims and Defendants' cross-claims since they both arise out of the same *E. coli* outbreak and Plaintiffs will inevitably be required to present evidence of the relationship between Cargill and Sodexo.  Cargill points to the section of the Master Supply Agreement which states that Sodexo agrees to indemnify Cargill from third-party claims to the extent that such claims are "due to the sole or substantial negligence of [Sodexo]."  ECF No. 113 at 9.  Sodexo argues that due to this overlap of factual development and legal issues, any jury considering Sodexo and Cargill's negligence will also be required to apportion fault between Sodexo and Cargill, thereby implicating the subject matter of Sodexo and Cargill's cross-claims.  Sodexo also asserts that if the cross-claims are severed, there will be a danger of inconsistent findings where either Defendant could potentially be found responsible for Plaintiffs' claims in the first trial but then denied indemnification or contribution in the second trial if the other party is found to be without fault.  ECF No. 114 at 5.  Severance would thus prolong litigation and impose undue burden and expense.

The Court agrees with Cargill and Sodexo.  The cross-claims regarding failure to indemnify are directly and logically related to Plaintiffs' claims since any determination of liability on the part of Defendants will implicate the apportionment of liability between the two of them.  Further, judicial efficiency weighs heavily against severance since there will be significant overlap of key witnesses and documentary evidence between Plaintiffs' claims and Defendants' cross-claims with respect to, *inter alia*, Plaintiffs' *E. coli* infections, the Marine training environment, mess hall operations, the supply chain for the allegedly contaminated beef patties.  A jury considering Plaintiffs' claims will

17

1  inevitably consider questions pertaining to Defendants' cross-claims.  Accordingly,

2  Plaintiffs' motion as to Defendants' cross-claim regarding failure to indemnify is

3  DENIED.

4      **2.  Sodexo's Motion to File a Supplemental Cross-Claim Against Cargill**

5      Lastly, the Court considers the supplemental cross-claim that Sodexo seeks to file

6  against Cargill for Cargill's alleged failure to procure insurance coverage.  ECF No. 73.

7  Plaintiffs oppose Sodexo's motion.  Sodexo has filed this cross-claim on the basis of

8  Cargill's failure to procure insurance in all seven member cases and the factual bases for

9  this cross-claim "came to light only after Sodexo had filed its initial Answer and Cross-

10  Claim against Cargill in this action and prior to consolidation" of all of the cases.[7]  ECF

11  No. 109 at 4.  Sodexo filed this motion within the deadline set forth by the Court.[8]  *Cf.*

12  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (party's

13  delay of nearly two years, while "not alone enough to support denial," was relevant factor

14  in the court's decision to deny motion to amend claims).

15      Rule 15(d) governs supplemental pleadings.  A supplemental pleading alleges "any

16  transaction, occurrence, or event that happened after the date of the pleading to be

17  supplemented."  Fed. R. Civ. P. 15(d).  Generally, Fed. R. of Civ. P. 15(a) liberally

18  allows for amendments to pleadings. *Coleman v. Quaker Oats, Co.,* 232 F.3d 1271, 1294

19  (9th Cir.2000).  Under Rule 15, leave to amend should be granted unless amendment

20  would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates

_____

[7] Sodexo filed its cross-claims against Cargill in the member cases on February 25, 2020.  Sodexo filed its answer and cross-claim against Cargill in the lead case on December 5, 2019.  ECF No. 53.
[8] Here, the Court set a deadline for parties to file a motion to amend the claims or causes of action for April 16, 2020.  ECF No. 61.  Sodexo filed this motion on February 24, 2020.

undue delay or prejudice to the opposing party. *See Foman v. Davis,* 371 U.S. 178, 182 (1962). "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible." *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*, 668 F.2d 1014, 1057 (9th Cir. 1981)

As described above, Sodexo and Cargill are parties to two separate agreements, a Master Supply Agreement with the effective date of January 1, 2015 and a Subcontract Agreement with the effective date of June 2008 under which Cargill supplied Sodexo food for preparation and service to Sodexo's clients. ECF No. 73-1 at 3. Pursuant to both agreements, Cargill was required to name Sodexo as an "additional insured" under Cargill's commercial general liability insurance policies with Old Republic, thereby providing coverage for personal injuries to third parties arising from products supplied by Cargill to Sodexo. However, in light of Old Republic's silence and Cargill's purported denial of Sodexo's tenders on its insurer's behalf, Sodexo asserts that it is "left to conclude that there are factual bases to assert a separate breach of contract claim against Cargill based on Cargill's failure to procure the insurance" as required by the contracts between Cargill and Sodexo. ECF No. 73-1 at 5. Plaintiffs counter that the supplemental counter-claim involves issues outside of the scope of their claims and should instead by properly resolved in arbitration. ECF No. 107 at 2. Specifically, Plaintiffs notes that in order to resolve the dispute between Defendants, the parties would need to conduct discovery and depositions regarding the business relationship between Sodexo and Cargill and other factual disputes regarding contract formation with respect to the Master Supply Agreement and Subcontract Agreement. ECF No. 107 at 3-4.

The Court agrees with Plaintiffs. Ultimately, any resolution of the dispute as to Cargill's procurement of insurance with Old Republic will require a jury to consider questions outside of the scope of Plaintiffs' personal injury claims. Furthermore, Sodexo bases its claim on conjecture – i.e., that solely based on Old Republic's silence and

19

Cargill's denial of Sodexo's tenders on Old Republic's behalf, Sodexo draws the conclusion that Cargill failed to procure appropriate insurance.  The Court, having already denied Sodexo's motion to implead Old Republic, finds that judicial efficiency would not be served by considering this cross-claim in either the lead case or the member cases.  The Court therefore DENIES Sodexo's motion to file a supplemental cross-claim in the lead case and GRANTS Plaintiff's motion to sever this cross-claim in all of the member cases.

**III.    Conclusion**

The Court GRANTS Sodexo's motion to file a third-party complaint against US Foods (ECF No. 71); DENIES Sodexo's motion to file a third-party complaint against Old Republic (ECF No. 72); GRANTS Plaintiffs' motion in the member cases for leave to amend their complaints to name US Foods as a defendant; DENIES Sodexo's motion to file a first supplemental cross-claim against Cargill (ECF No. 73); and GRANTS in part and DENIES in part Plaintiffs' motion to sever all cross-claims (ECF No. 96).

**IT IS SO ORDERED.**

Dated:  May 4, 2020

Hon. Gonzalo P. Curiel
United States District Judge

20